UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WISCONSIN CENTRAL LTD.,

        Plaintiff,

v.                                              Case No. 06-C-0472

SCOTT HASSETT, and
WISCONSIN DEPARTMENT OF
NATURAL RESOURCES,

        Defendants.

---

**MEMORANDUM AND ORDER**

---

      Plaintiff Wisconsin Central Ltd. ("WCL") has sued the Wisconsin Department of Natural Resources ("DNR") and its Secretary, Scott Hassett, alleging that they are attempting to impose upon WCL liability for environmental cleanup costs for its former railroad right-of-way in violation of the National Trails System Act (NTSA), 16 U.S.C. § 1241 *et seq.* WCL asserts that this court has subject matter jurisdiction because the action presents a federal question. *See* 28 U.S.C. § 1331.[1] WCL seeks a declaration that it has no liability for the cleanup costs and an injunction against defendants' further efforts to impose such liability. Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), claiming sovereign immunity as recognized in the Eleventh Amendment, and under Fed. R. Civ.

---

      [1]WCL also asserts that jurisdiction exists under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1337 (actions involving federal regulation of commerce). However, it concedes in response to defendants' motion that no basis for diversity jurisdiction exists.

P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, defendants' motion will be granted.

## BACKGROUND

The complaint alleges that on January 8, 1992, Fox Valley & Western Ltd. ("FV&W"), a wholly-owned subsidiary of WCL, acquired 16.7 miles of railroad trackage located in Kewaunee County, Wisconsin (the "Luxemburg-Kewaunee Line right-of-way"). On April 15, 1998, FV&W filed a petition with the Surface Transportation Board ("STB") seeking exemption under 49 U.S.C. § 10502 from prior approval requirements under 49 U.S.C. § 10903-05 to abandon the Luxemburg-Kewaunee Line right-of-way. On May 19, 1998, the DNR filed a request for issuance of a notice of interim trail use pursuant to the NTSA, 16 U.S.C. § 1247(d), relating to the Luxemburg-Kewaunee Line right-of-way. In conjunction with the petition process, the DNR submitted a statement of willingness to assume financial responsibility for the Luxemburg-Kewaunee Line right-of-way.

On August 3, 1998, the STB issued its decision and notice of interim trail use or abandonment including certain conditions, granting the parties a period of time in which to negotiate an agreement for interim trail use. If no agreement could be reached within the time permitted by the STB, FV&W would have been permitted to abandon the Luxemburg-Kewaunee Line right-of-way completely. Among other conditions, the STB order imposed the following (which it denominated as condition number three):

> If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, any legal liability arising out of the transfer or use of (unless the user is immune from liability, in

which case it need only indemnify the railroad against any potential liability), and for [sic] the payment of any and all taxes that may be levied or assessed against, the right-of-way.[2]

On June 25, 1998, WCL (as successor-in-interest to FV&W) entered into an interim trail use/rail banking agreement with the DNR wherein WCL agreed to convey to the DNR "railroad corridors . . . under provisions and authority of the National Trails System Act, 16 U.S.C. § 1247(d)" and "[a]ll rights consistent with fee title purchase, subject to the provisions of the Act." (Compl., Ex. A.) Pursuant to the agreement, WCL executed a quitclaim deed conveying the Luxemburg-Kewaunee Line right-of-way to the DNR. The deed provided that "[t]o the extent provided by law, [the DNR], its successors and assigns, shall assume full responsibility for the management of, any legal liability arising out of the use of, and the payment of any taxes that may be levied or assessed against" the Luxemburg-Kewaunee Line right-of-way. (Compl., Ex. B.) The DNR designated the Luxemburg-Kewaunee Line right-of-way as the "Segment 27 Trail" in the Wisconsin State Trail Network System.

The DNR has been aware of arsenic contamination in the Kewaunee Marsh, through which the Segment 27 Trail runs, since at least 1993. While the parties agree that WCL did not cause the contamination, they dispute who is responsible for remedying it. After a meeting and an exchange of letters failed to resolve the dispute, the DNR on March 23, 2006, requested verification "that WCL intends to take over the treatability study work or that WCL intends to assist with the implementation of the treatability study and how you propose to do so." (Compl., Ex. C at 4.) Absent such verification, the DNR stated that it would "proceed with site activities, continue to conduct the feasibility study, select a remedy and then initiate cost recovery and enforcement actions against WCL." (*Id.*) Claiming that § 1247(d) of the NTSA absolved it from liability from the contamination, WCL commenced this litigation.

---

[2]The parties have not provided the court with a copy of the order from which this language apparently comes.

**ANALYSIS**

Defendants argue that they are entitled to dismissal on the grounds, *inter alia,* that the action is barred by Eleventh Amendment, no federal question is presented, and the complaint fails to state a claim on which relief can be granted. The first two grounds asserted concern this court's subject matter jurisdiction, and since I find the first dispositive, I need not proceed further.[3] Of course, I note at the outset that in reviewing the plaintiff's complaint in regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).[4]

Defendants argue that the doctrine of sovereign immunity precludes maintenance of this suit against them. With respect to the DNR, this argument is clearly correct. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.") (internal citations omitted). WCL cites *Lister v. Board of Regents* 240 N.W.2d 610 (Wis. 1976), in support of the proposition, accepted by the Wisconsin Supreme Court, that sovereign immunity does not bar suits for declaratory relief against a state agency. However, "[w]hether [a State] permits such a suit to be brought against the State in its own courts is not determinative of whether [the State] has relinquished its Eleventh Amendment immunity from suit in the federal courts." *Edelman v. Jordan*, 415

---

[3]"We read the Eleventh Amendment defense as raising a matter of subject matter jurisdiction, and thus properly asserted under Rule 12(b)(1)." *American Soc. of Consultant Pharmacists v. Patla*, 138 F.Supp.2d 1062, 1065 n. 2 (N.D. Ill. 2001) (citing *Marie O. v. Edgar*, 131 F.3d 610, 614 (7th Cir.1997)).

[4]Exhibits to a pleading are part of the pleading, Fed. R. Civ. P. 10(c), and consideration of such documents does not convert a motion to dismiss into a motion for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002).

U.S. 651, 677 n. 19 (1974). This court must look to federal law to determine defendants' immunities, and federal law clearly provides that the DNR is immune from suit. *See also Pennhurst*, 465 U.S. at 100 ("[T]he Court consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts."). Since the Eleventh Amendment clearly bars WCL's action against the DNR, the defendants' motion will be granted as to that party. But what about Secretary Hassett?

The general rule that a suit against a state official is a suit against the state. In *Pennhurst*, the Court recounted several well-established principles from its prior decisions:

> The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest. Thus, the general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter. And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.

465 U.S. at 101-02 (internal citations and quotation marks omitted).

The Court in *Pennhurst* also acknowledged, however, that it had recognized "an important exception to this general rule: a suit challenging the constitutionality of a state official's action is not one against the State." 465 U.S. at 102 (*citing Ex Parte Young*, 209 U.S. 123 (1908)). In *Ex Parte Young*, a federal court enjoined the Attorney General of the State of Minnesota from bringing suit to enforce a state statute that allegedly violated the Fourteenth Amendment. The Supreme Court held that the Eleventh Amendment did not prohibit issuance of this injunction on the theory that an unconstitutional enactment is "void" and therefore does not "impart to [the officer] any immunity from responsibility to the supreme authority of the United States." 209 U.S. at 160. Since the State could not authorize an illegal action, the officer was "stripped of his official or representative character and [was] subjected to the consequences of his official conduct." *Id.* Thus, it is clear that under some circumstances, a suit seeking injunctive

relief against a state official acting in his official capacity can proceed. The issue here is whether WCL's lawsuit against Secretary Hassett falls within the *Ex Parte Young* exception.

In *Ameritech Corp. v. McCann*, 297 F.3d 582, 586-87 (7th Cir. 2002), the Seventh Circuit noted that the Supreme Court had provided further guidance as to precisely when the *Ex Parte Young* exception applies. In *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002), the Court stated that "[i]n determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Absent such a violation, the suit is barred by the Eleventh Amendment.

Here, no such violation is alleged. At most, WCL alleges that Secretary Hassett intends to seek recovery of the costs of remediating Segment 27 from WCL at some future date. Any such recovery, WCL contends, would violate § 1247(d) of the NTSA. But these allegations do not amount to "an ongoing violation of federal law." *Verizon*, 535 U.S. at 645. The Secretary has not violated federal law by simply asserting his belief that WCL is the party legally responsible for remediation of the property. And he certainly does not violate federal law by undertaking to have the DNR complete the environmental repair of the site itself. If and when Secretary Hassett brings an enforcement action against WCL, it will represent a one-time effort to recover the costs of the environmental repair. WCL will be free to assert its federal defense to the DNR's claim in the enforcement action. The instant lawsuit is an attempt to forestall such an action by the DNR. This is not the kind of case to which the *Ex parte Young* exception applies.

*Froebel v. Meyer*, 13 F. Supp.2d 843 (E.D. Wis. 1998), a case heavily relied on by WCL, is not to the contrary. In *Froebel*, the plaintiff alleged that as a consequence of its poorly executed removal of a dam, the DNR, two DNR officials and Waukesha County, had violated and were continuing to violate

the federal Clean Water Act, 33 U.S.C. §§ 1251-1387, by discharging pollutants into a river and lake without the requisite permits. As in this case, the State defendants moved to dismiss based on sovereign immunity. The district court granted the motion as to the DNR, concluding that Wisconsin had not consented to be sued in federal court and Congress had not abrogated its immunity in enacting the Clean Water Act. *Froebel*, 13 F. Supp.2d 849-51. However, the court denied the motion as to the two DNR employees, holding that injunctive relief could be available under the *Ex parte Young* exception to the State's immunity under the Eleventh Amendment. Noting that in order for the exception to apply, "the unconstitutional or illegal action complained of must be ongoing in some sense, or capable of being prospectively enjoined," *id.* at 852, the court found the plaintiff had met this requirement by alleging that the defendants' violations were ongoing and continuing at the time he filed the complaint. *Id.*

Likewise, in *Ameritech Corp. v. McCann*, the Seventh Circuit held that a telecommunications company could sue a state prosecutor in federal court to obtain a determination that the prosecutor was required to comply with the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2510 *et seq.* At issue in that case was the prosecutor's policy of obtaining court orders requiring the company to produce compilations of information detailing the origin of incoming telephone calls to particular customer telephone numbers, and then refusing to pay the cost of obtaining the information. In reversing the district court's dismissal on Eleventh Amendment grounds, the Seventh Circuit noted it was beyond dispute that "Ameritech's complaint alleges an ongoing violation of federal law-McCann's refusal to comply with Section 2706 of the ECPA ...." 297 F.3d at 587. "[S]o long as Ameritech's complaint seeks prospective injunctive relief to cure an ongoing violation of federal law," the Court held, "the Eleventh Amendment poses no bar." *Id.* at 588.

Here, by contrast, the facts alleged suggest a single, isolated dispute between WCL and the State of Wisconsin over whether WCL is responsible for the clean-up costs for its former right-of-way. Even

by WCL's account, there has been no violation of federal law so far, much less an ongoing violation. Absent an ongoing violation of federal law, the *Ex Parte Young* exception does not apply. *Verizon*, 535 U.S. at 645. I therefore conclude that the Eleventh Amendment bars WCL's action against Secretary Hassett, as well as the DNR. Accordingly, the defendants motion will be granted and this action dismissed.

**SO ORDERED** this 10th day of October, 2006.

s/ William C. Griesbach<br>
WILLIAM C. GRIESBACH<br>
United States District Judge